UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br><br>v.<br><br>PATRICIA RENEE PINA, a/k/a<br>PATRICIA RENEE ALTAFFER-PINA,<br>a/k/a PATRICIA R. ALTAFFER-PINA,<br>and KAC ASSOCIATES LLC,<br>          Defendants | )<br>)<br>)<br>)   CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR APPROVAL (SOLDIERS' AND
SAILORS' CIVIL RELIEF ACT OF 1940)
<u>OF MORTGAGE FORECLOSURE</u>**

The United States of America by its attorneys, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United States Attorney alleges as its complaint that:

1. The district court has jurisdiction under Section 1345, Title 28, United States Code, over this civil action brought by the United States to obtain an authorization and approval under the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C.A. App. 532) of the foreclosure of a mortgage.

2. The plaintiff is the United States of America, acting through the Farm Service Agency (formerly the Farmers Home Administration), United States Department of Agriculture. The Farm Service Agency is the owner and holder of 3 mortgages with statutory power of sale on the property at 59 Parsonage Road, Plympton, County of Plymouth, Massachusetts, given by Patricia

R. Altaffer-Pina, a/k/a Patricia Renee Altaffer-Pina, and a 4th mortgage on the same land given by Patricia Renee Pina and KAC Associates LLC to the United States of America, acting through the Department of Agriculture. Said mortgages are registered, as regards Parcel 1, in Certificate #102238, and recorded on the unregistered side of the Plymouth County Registry of Deeds, as to Parcels 2 through 5) as follows:

| Date | Book | Page |
|---|---|---|
| May 8, 1998 | Book 16174 | Page 279 |
| February 26, 1999 | Book 17184 | Page 235 |
| February 26, 1999 | Book 17184 | Page 243 |
| March 8, 2004 | Book 27692 | Page 150 |

3. The defendant is the only person of record, or otherwise known to the United States, who has an interest in the equity of redemption of the mortgaged property.

4. No defendant is in the military service within the meaning of the Soldiers' and Sailors' Civil Relief Act of 1940.

5. Persons in the military service who are not of record and are unknown to the United States may have an interest in the equity of redemption of the mortgaged property.

6. The United States intends to foreclose the mortgages for breach of their conditions by entry and possession and by power of sale and desires to comply with the Soldiers' and Sailors' Civil Relief Act of 1940.

Wherefore the United States prays that:

(1) No person, whether named as a defendant or not, be permitted to appear or be heard (except on behalf of a person so entitled) in this proceeding unless he files an affidavit (or counsel appearing for him files a certificate) that he is in the military service and is entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940; and this proceeding be limited to the issues of the existence of persons entitled to the benefits of the Act and of their rights, if any;

(2) An order issue for notice to the defendants, if in the military service and entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940, and to any other persons so entitled, to appear and answer the complaint if they object to a foreclosure of the mortgages;

(3) The United States be authorized under the Soldiers' and Sailors' Civil Relief Act of 1940 to foreclose the mortgages by entry and possession and by power of sale; and the foreclosure be subsequently approved as complying with the Act.

UNITED STATES OF AMERICA
By its attorneys

CARMEN M. ORTIZ
United States Attorney


By: /s/ Christopher R. Donato
CHRISTOPHER R. DONATO
Assistant U.S. Attorney
1 Courthouse Way
Boston, MA 02210-3011
(617) 748-3303

DATED: 2/23/10